FEE DUE

Adam J. Joiner
FCI Victorville 2
P.O. Box 3850
Adelanto, CA 92301



| | |
|---|---|
| Adam J. Joiner, Petitioner (Pro Se) | Ex-Parte Petition for Writ of |
| v. | Habeas Corpus 28 USCS 2241 |
| Warden Barron, Respondant | |

[ FILED UNDER SEAL ]
5:22-CV-00497-JAK-RAO

United States District Court
Central District of California

This petition (the "Petition") is filed under seal and is exempt from redaction pursuant to Federal Rules of Civil Procedure Rule 5.2 (b)(6)

I. Payment of Habeas Corpus Filing Fee
Adam J. Joiner (the "Petitioner") submitted a BP-199 for payment of $5.00 filing fee, payable to U.S. District Court, to FCI Victorville on March 9, 2022.

II. Background
Petitioner, born January 21, 1978 in Sacramento, California, is a federal inmate presently incarcerated in the Central District of California (the "District"). In 2019, Petitioner was arrested and pled guilty in two separate indictments (collectively the "Indictments") under criminal cases 19-CR-541-AB and 19-CR-744-AB (the "Cases"). In November of 2021, the United States District Court (the "Court") sentenced Petitioner in the Cases to a term of imprisonment of 97 months. The Court waived all fines associated with the Indictments with the exception of those deemed mandatory by the United States Sentencing Guidelines and the Pre-Trial Services Report. As of this writing, Petitioner has served 28 months of that sentence.

1

III. Introduction

An order to pay is a negotiable instrument. An order to pay with the power to confess judgment and protect collateral by means of imprisonment is also a negotiable instrument. It is simply hiding beneath the word indictment.

As an order to pay and a negotiable instrument, an indictment is nothing more than an obligation. A public obligation. An obligation is discharged upon payment. And a public obligation? By the very rule of the United States Constitution, and the subsequent interpretation of the United States Supreme Court, public obligations are not only discharged upon payment... but the United States itself is responsible for the obligation.

What does all that mean? It means that every United States citizen has a constitutional right to have their obligations, including indictments, paid and discharged by the United States.

Yet, when the Indictments were issued to Petitioner in the Cases, the obligations were not paid or discharged by the United States. Worse, when given the opportunity, the Court, which is composed of Judicial Officers who are sworn to uphold the Constitution, not only failed to grant Petitioner his constitutional rights but they specifically withheld knowledge of his constitutional rights, effectively concealing the true nature of the charges.

At every point of the Cases, Petitioner had, and continues to have, a constitutional right to have the Indictments paid and discharged by the United States. The continued failure of the Court and the United States to do so has violated Petitioner's constitutional rights and littered the Cases with constitutional error. To correct that error, and as detailed in the Petition, Petitioner seeks his discharge and release on an immediate and ex-parte basis.

IV. Questions the Court must answer in either granting or dismissing the Petition
    1. Is an indictment a negotiable instrument?
    2. Can an indictment be discharged upon payment of the claim contained therein?

3. Is the United States responsible for paying, and subsequently discharging public obligations?
4. Are judicial officers sworn by oath to uphold the Constitution?

V. Analysis

1. Is an indictment a negotiable instrument?

Yes, an indictment is a negotiable instrument by the very definition of the Code (DC Code 28:3-104(a)). It is an order issued by the United States (DC Code 28:3-105), it is payable on demand (DC Code 28:3-103), and it contains a "power to give, maintain, or protect collateral to receive payment" and "an authorization or power to the holder to confess judgment... or dispose of collateral..." (DC Code 28:3-104(a)).

Relevance to Petition: The Indictments in the Cases were issued by the United States to Petitioner as orders to pay. Failure to pay the obligations by Petitioner, whether due to an inability to pay or a lack of knowledge that he could pay, granted the United States the power to imprison Petitioner to maintain its collateral.

2. Can an Indictment be discharged upon payment of the claim contained therein?

Yes, by rule, a claim or order to pay is discharged "if a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument." (DC Code 28:3-311(a)).

Relevance to Petition: The Indictments were clearly BOTH unliquidated and subject to a bona fide dispute. They had not been paid and they were the very cause of the dispute between Petitioner and United States (U.S. v. Joiner). Thus, by law, tendering payment as full satisfaction of the claims MUST discharge the claims and the Indictments therein once the United States obtains payment.

3

3. Is the United States responsible for paying, and subsequently, discharging public obligations?

Yes, the 14th Amendment of the United States Constitution (Article 1, Section 4) states that the "validity of the public debt... shall not be questioned." The Supreme Court of the United States ensured the meaning of that clause was clearly understood in Perry v. United States (1935). "Nor can we perceive any reason for not considering the expression "the validity of the public debt" as embracing whatever concerns the integrity of public obligations."

Relevance to Petition: The orders presented to Petitioner to pay the United States in the Indictments were obligations. Public obligations. And according to both the Constitution and the Supreme Court's interpretation of it, public obligations (i.e. the Indictments) should not be questioned... but paid. And specifically paid by the United States. Put simply? At the time of arraignment, the United States was responsible, by law, to not only pay the obligations but to discharge the Indictments immediately.

4. Are judicial officers sworn by oath to uphold the Constitution?
Yes, see United States Constitution, Article III.

Relevance to Petition: Each of the judicial officers in both of the Cases were sworn to uphold the Constitution. The Constitution, and the Supreme Court's interpretation of it, mandates that all public obligations, including the Indictments, be paid and discharged. Yet, even while knowing this to be true, and swearing an oath to uphold this, and every, term in the Constitution, the Court neglected to do so. Until now, Petitioner did not understand the true nature of the charges against him. The Court, however, did. And in failing to both pay and discharge the Indictments immediately, it not only violated Petitioner's constitutional rights but also the sworn duty of its judicial officers to uphold the Constitution.

VI. Ineffective Assistance of Counsel

Petitioner signed plea agreements in both of the Cases that restricted his ability to contend or appeal any judgment from the Court based upon certain conditions.

4

But in both plea agreements, those agreements are rendered void in the event of fraud, duress, undue influence, or ineffective assistance of Counsel. The failure on the part of Petitioner's Counsel to inform him that the Indictments were negotiable instruments that could be discharged by paying the obligation, let alone that the United States was obligated to do so, is the very epitome of ineffective assistance of counsel. Had Petitioner access to effective assistance of counsel, he would not have spent a single day in prison... let alone two-and-a-half years. The plea agreements are void.

## VII. Effect of Guilty Pleas and Conviction

Even if the plea agreements signed by Petitioner in the Cases were not rendered void due to ineffective assistance of counsel, which they are, the effect of Petitioner's guilty pleas and conviction should not factor whatsoever into the Court's ruling on the Petition. "Courts should not on habeas corpus try question of alibi or any question as to guilt or innocence of accused." (Munsey v. Clough). Further, "the constitutional rights of criminal defendants are granted to the innocent and guilty alike" and the "scope" of these rights is not "altered simply because the[y are] asserted on federal habeas review rather than direct review." (Jackson v. Virginia)

Petitioner trusts that the Court will do what is required of it in relation to this Petition. That it will determine if Petitioner's constitutional rights have been violated. And to determine that alone.

## VIII. Prayer for Relief

Petitioner asks this Court for an order to be issued within 24 hours of the filing of this Petition that mandates the following:
- Immediate payment and discharge of All claims issued by United States to Petitioner in the Cases including but not limited to the deletion and removal of any and all records pertaining to his indictment, arrest, plea agreements, conviction, sentencing, imprisonment, etc;
- Immediate release of Petitioner from federal custody, including paid transportation for his return to the Los Angeles metro area; and

5

- A judicial order that mandates the deletion and removal of all articles written and published regarding Petitioner's indictment, arrest, plea agreements, court appearances, conviction, sentencing, imprisonment, etc. The order is to include direction from the Court to all publishers, whether that be Department of Justice press releases or third-party media outlets who published articles and/or stories regarding Petitioner's Cases, that by rule of the Court, all of the above-referenced articles must be deleted and destroyed.

XIV. Conclusion

At every stage of the Cases, every interaction, every appearance, every communication by mail, the Court had opportunity to inform Petitioner of his constitutional rights. To explain the true nature of the charges. To inform him that an indictment is a negotiable instrument, that an indictment can be discharged upon payment of the obligation, and that by the very law of the Constitution, the United States itself is responsible for paying that obligation. But it refused to do so. For the Court to claim ignorance would be unacceptable. For the Court to dispute the claims in this Petition would be to dispute the very laws that judicial officers of the Court are under oath to uphold. Being that its judicial officers are sworn to uphold the Constitution, the Court MUST be aware that an indictment is a negotiable instrument and that the United States is responsible for the obligation. Yet, instead of upholding its sworn oath, the Court forced Petitioner to spend 848 days locked in a prison during a global pandemic in the most harsh of conditions one could possibly imagine. 848 days! The violation of Petitioner's constitutional rights in the Cases - and the Court's responsibility in it - is quite simply, shocking. And incredibly unsettling.

Within 24 hours of the filing of this Petition by the Clerk's office, Petitioner asks the Court to correct its wrong. To discharge all claims against Petitioner on an immediate and ex-parte basis. To immediately release Petitioner from federal custody. And to order the deletion and destruction of all press releases and articles published pertaining to Petitioner's arrest, sentencing, indictments, plea agreements, court appearances, imprisonment, etc.

6

Petitioner hereby affirms that the foregoing in the Petition is true and accurate to the best of his knowledge, understanding, and ability.

Dated: March 9, 2022

Adam J. Joiner

Footnotes

[1] In truth, an order to pay was never presented to Petitioner. An amount due was never communicated. The right to discharge was never given. Instead, the Magistrate Judges in both Cases refused to allow Petitioner to answer a question in anything more than a single word... yes or no. The question? "Generally speaking, and only in a yes or no answer, do you understand the nature of the charges against you?" Closely followed by yet another instruction that only an answer of yes or no would be accepted. Under severe emotional duress, without the effective assistance of counsel, and being horribly uninformed, Petitioner answered "yes." With that single word, and completely unbeknownst to him, the Court proceeded in a manner that assumed Petitioner had (1) acknowledged his obligation to pay an order that he didn't even know existed, (2) consented that he could not, or did not have the ability to, pay the obligation, and (3) relented to the United States that they had the right to protect its collateral. Had the true nature of the negotiable instrument ever actually been explained to Petitioner, however, he would've paid and discharged the obligation immediately.

DOCUMENT LODGED

UNDER SEAL



SN BERNARDINO CA 923
14 MAR 2022 PM 5 L

ADAM JOINER - 78587112
FCI VICTORVILLE 2
P.O. BOX 3850
ADELANTO, CA 92301




UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
ATTN: OFFICE OF THE CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CA 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 16 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: DEPUTY

90012-21006

LEGAL MAIL

LEGAL MAIL